**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 26-2905-JFW(AJRx)**                              Date:  May 27, 2026

Title:        Jermaine Jones -*v*- Target Corporation, et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                   **None Present**
    **Courtroom Deputy**                              **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                        None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFF'S MOTION REMANDING**
                           **TO STATE COURT [filed 4/10/26; Docket No. 18]**

On April 10, 2026, Plaintiff Jermaine Jones ("Plaintiff") filed a Motion Remanding To State Court ("Motion").  On May 5, 2026, Defendants Target Corporation and Target Enterprise, Inc. (collectively, "Target Defendants") filed their Opposition.[1]  On May 7,2026, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's May 18, 2026, hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.        **Factual and Procedural Background**

On January 13, 2026, Plaintiff filed a Complaint in Los Angeles County Superior Court ("LASC") against Defendants and DOES 1 through 25, alleging causes of action for: (1) negligence; and (2) premises liability.  In his Complaint, Plaintiff alleges that on July 15, 2025, while at the Target store located at 1621 South Alameda Street in Compton, California (the "Subject Location"), he suffered physical injuries and emotional distress when he "slipped and fell on a clear, slippery substance on the floor."  In paragraph 5 of the Complaint, Plaintiff alleges that:

On information and belief, Defendant DOE 1 is, and at all times relevant herein was, the store manager and/or managing agent of the Target location identified above. On information and belief, DOE 1 was responsible for the day-to-day operations of the Premises, including employee supervision, safety inspections, hazard remediation,

---

[1] Although Defendants' Opposition was filed late, it was considered by the Court.

and enforcement of Target's safety policies and procedures. On information and belief, DOE 1 resides in the County of Los Angeles, State of California, and at all relevant times acted within the course and scope of his or her employment and/or agency with TARGET CORPORATION and TARGET ENTERPRISE, INC.

On February 17, 2026, Plaintiff served the Target Defendants with the Summons and Complaint.  On March 13, 2026, the Target Defendants filed their Answer.  On March 18, 2026, the Target Defendants removed this action to this Court, alleging subject matter jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332(a).

On April 14, 2026, the Court dismissed all DOE defendants, leaving Plaintiff and the Target Defendants as the only remaining parties.  After the DOE defendants were dismissed, none of the parties moved this Court to add parties.

## II.    Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).

## III.    Discussion

In his Motion, Plaintiff seeks an order remanding this action to LASC for lack of subject matter jurisdiction.[2]  Specifically, Plaintiff argues that there is not complete diversity between the parties because both Plaintiff and DOE 1, the store manager and/or managing agent of the Subject Location, are citizens of California.[3]  Plaintiff also seeks his attorneys' fees and costs because the

---

[2]    Plaintiff does not dispute that the amount in controversy exceeds $75,000, that the Target Defendants are citizens of Minnesota, or that he is a citizen of California.

[3]  Because Plaintiff did not voluntarily dismiss the DOE defendants who were originally named in this action, the Court will determine whether the presence of those DOE defendants defeated removability. *See Rocha v. Walmart, Inc.*, 2025 WL 3764134 (C.D. Cal. Dec. 29, 2025) (considering whether the presence of Doe defendants, who the plaintiff described as "agents or employees of" Walmart, defeated diversity after the case was removed by Walmart and the district

Initials of Deputy Clerk __sr__

Target Defendants lacked an objectively reasonable basis for removal.  In their Opposition, the Target Defendants argue that 28 U.S.C. § 1441(b)(1) requires that the citizenship of defendants sued under a fictitious name, such as DOE 1, be disregarded.  The Target Defendants also seek sanctions against Plaintiff and his counsel for filing a frivolous motion.

**A.      Plaintiff's Motion is Denied Because the Parties Are Completely Diverse**

Pursuant to 28 U.S.C. § 1441, "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded."  In addition, the Ninth Circuit has read Section 1441(b)(1) in conjunction with Section 1447(e)[4] to hold that "[w]hen it comes to removal, '[t]he citizenship of fictitious defendants is disregarded . . . and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant.'"  *Ma v. Bank of Am., N.A.*, 2025 WL 2180792, at *3 (9th Cir. Aug. 1, 2025) (unpublished) (alteration in original) (*quoting Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)) (affirming the district court's determination that "Jane Doe's citizenship" was "irrelevant" as well as its denial of jurisdictional discovery); *see also Rojas ex rel. Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1017 (S.D. Cal. 2021) ("[N]ot only does the text of Section 1441 indicate courts should disregard doe defendants, but the legislative history corroborates the conclusion that the Legislature enacted Section 1441 in direct response to the general rule in California that doe defendants defeated diversity jurisdiction").

In this case, Plaintiff argues that DOE 1's citizenship should be considered because he has alleged a viable claim against DOE 1 and alleged that DOE 1 is a citizen of California.  However, the majority of district courts to have considered this issue have concluded "that the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded" based on the plain language of Section 1441(b)(1).  *See Ma v. Bank of Am., N.A.*, 2024 WL 2880205, at *2 (C.D. Cal. May 6, 2024) (*quoting Rojas*, 538 F. Supp. 3d at 1014-23), *rev'd in part on other grounds*, 2025 WL 2180792 (9th Cir. Aug. 1, 2025); *see also McVay v. Target*, 2025 WL 2752857 (N.D. Cal. Sept. 26, 2025) (denying motion to remand because the Doe defendants' citizenship is disregarded pursuant to Section 1441(b)(1) and finding that even if the court was inclined to consider the Doe defendants' citizenship, the plaintiff had failed to allege "sufficient detail to give a definitive clue as to the identities of the Doe Defendants"); *Garcia v. Walmart, Inc.*, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022) ("Pursuant to the plain language of the statute and relevant case law, this Court cannot consider the citizenship of Doe Manager and Doe Employee until Plaintiff seeks leave to substitute a named defendant"); *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("[T]he Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage").

In addition, the courts that have considered the citizenship of a Doe defendant have generally done so only in cases where "the [p]laintiffs' description of Doe defendants or their

_____

court had dismissed those Doe defendants).

[4]  Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joiter, or permit joiter and remand the action to State court.

Initials of Deputy Clerk  _sr_

activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Resource Management Corporation,* 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015). However, in this case, Plaintiff's allegations regarding DOE 1 are based on information and belief and Plaintiff has failed to allege the citizenship of DOE 1. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"). Instead, Plaintiff has alleged only that DOE 1 "resides in the County of Los Angeles, State of California." *Id.* (holding that, with respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency" and that "[a] person residing in a given state is not necessarily . . . a citizen of that state"). Moreover, Plaintiff has alleged, in conclusory fashion, that DOE 1 was "the store manager and/or managing agent of the" Subject Location and that he personally participated in managing and overseeing the day-to-day operations of the Subject Location, conducted and supervised safety inspections of the Subject Location, identified and addressed hazardous conditions at the Subject Locations, and ensured that dangerous conditions at the Subject Location were remedied. However, such conclusory allegations fail to describe DOE 1 with enough detail to suggest DOE 1's identity or relationship to the action. *Compare Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708 (C.D. Cal. Jne 26, 2017) (considering the identity of Doe 1 where the plaintiff's allegations "gave a definite clue about [Doe 1's] identity" by alleging that Doe 1 was the pharmacist working at a particular CVS location on a particular date who had filled the plaintiff's prescription) *with Ma*, 2024 WL 2880205, at *2 ("Although Plaintiff makes some allegations about who Jane Doe may be, she is essentially an unknown defendant and is not yet an actual party to the litigation. Therefore, there is no basis to consider the citizenship of Jane Doe"). Furthermore, Plaintiff has failed to take any steps to add DOE 1 as a named party to the Complaint or to give any indication in his Motion that he had determined DOE 1's identity or any additional identifying information about DOE 1.

Accordingly, the Court concludes that diversity jurisdiction exists because Plaintiff and the Target Defendants are completely diverse and Plaintiff has failed to demonstrate DOE 1's identity, citizenship, and relationship to the action. As a result, DOE 1's citizenship cannot be considered and Plaintiff's Motion is denied.

### B.    Plaintiff's Motion is Also Denied for Failure to Lodge a Proposed Statement of Decision

The Standing Order, filed on March 23, 2026 (Docket No. 9), provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff and Defendant failed to timely file and still have not filed the required Proposed Statement of Decision. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, Plaintiff's Motion is also denied for Plaintiff's failure to lodge the Proposed Statements of Decision in violation of the Court's Standing Order.

Initials of Deputy Clerk  sr

**IV.     Conclusion**

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.  Plaintiff's request for attorneys' fees and costs is **DENIED**.  Defendants' request for sanctions is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__